UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

JOHN DOE,                            )
                                     )
    Plaintiff-Appellant,             )
                                     )
        v.                           )  Appellate Case No. 22-1576
                                     )
THE TRUSTEES OF INDIANA              )
UNIVERSITY, et al.,                  )
                                     )
    Defendants-Appellees.            )

———————————————————

Appeal from the United States District Court
For the Southern District of Indiana
Indianapolis Division
No. 1:20-cv-02006-JRS-MJD
Honorable James R. Sweeney, II, District Court Judge

———————————————————

**APPELLEES' SUPPLEMENTAL MEMORANDUM
REGARDING APPROPRIATENESS
FOR JOHN DOE TO PROCEED ANONYMOUSLY**

———————————————————

Alice M. Morical
Wayne C. Turner
Janet L. Thompson
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN  46244-0989
amorical@hooverhullturner.com
wturner@hooverhullturner.com
jthompson@hooverhullturner.com

*Attorneys for Defendants-Appellees*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS .................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................... ii

INTRODUCTION ......................................................................................................................... 1

BACKGROUND ............................................................................................................................ 1

ARGUMENT ................................................................................................................................. 2

    A.   The public has an interest in knowing the parties to a judicial proceeding............. 3

    B.   Doe cannot overcome the presumption that litigants sue in their own names. ...... 6

    C.   Multifactor test used by district courts support anonymity....................................... 8

    D.   Non-parties should continue to be identified by pseudonym. ............................... 10

CONCLUSION ............................................................................................................................ 11

CERTIFICATE OF SERVICE ..................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 545-46 (7th Cir. 2002).....................5

*Coe v. Cty. of Cook*, 162 F.3d 491, 498 (7th Cir. 1998) ..........................................................3, 10

*Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 872 (7th Cir. 1997)..........2, 3, 6

*Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) .....................................................3, 4, 7

*Doe v. City of Indianapolis, Ind.*, No. 1:12-CV-00062-TWP, 2012 WL 639537, at *1 (S.D. Ind.

Feb. 27, 2012) ..........................................................................................................................8

*Doe v. Ind. Black Expo, Inc.*, 923 F. Supp. 137, 140 (S.D. Ind. 1996)...............................8, 9, 10

*Doe v. Kentucky Cmty. & Tech. Coll. Sys.*, No. CV 20-6-DLB, 2020 WL 998809, at *3 (E.D.

Ky. Mar. 2, 2020) .....................................................................................................................7

*Doe v. Liberty Univ.*, No. 6:19-CV-00007, 2019 WL 2518148, at *4 (W.D. Va. June 18, 2019)

........................................................................................................................................................7

*Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)..................................................................8

*Doe v. Sheriff of DuPage County*, 128 F.3d 586, 587 (7th Cir. 1997).........................................3

*Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005).....................................................................3, 5

*Doe v. Vill. of Deerfield*, 819 F.3d 372, 375 (7th Cir. 2016) .......................................................3

*E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019) ...............................................................3, 7

*Fenje v. Feld*, 398 F.3d 620 (7th Cir. 2005) ................................................................................6

*Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020) (per curiam)...........................................3, 5, 6

ii

*Mueller v. Raemisch*, 740 F.3d 1128, 1135-36 (7th Cir. 2014) ........................................................ 3

*Noe v. Carlos*, No. 2:08 CV 227, 2008 WL 5070463, at *2-*3 (N.D. Ind. Nov. 26, 2008) ........ 8

**Rules**

Fed. R. App. P. 32(a)(7)(B)(iii) ................................................................................................ 12

Fed. R. Civ. P. 10(a) ................................................................................................................ 2

Fed. R. Civ. P. 17(a) ................................................................................................................ 2

## INTRODUCTION

The Court has requested supplemental briefing addressing whether it is appropriate for Plaintiff-Appellant John Doe to proceed anonymously in this case. Dkt. 64. In the Seventh Circuit, it is well-settled that concealment of parties' names is disfavored because the public has a right to know who is using its courts. To proceed anonymously, a litigant must show the need for anonymity outweighs the harm of concealment. Very few exceptions exist to justify anonymous litigation, and none of them are present in this litigation.

Doe cannot show that his anonymity outweighs the harm of concealment; Doe should not be allowed to proceed anonymously in this case.

## BACKGROUND

Doe moved *ex parte* to proceed via pseudonym in the district court on July 30, 2020.[1] DCD 3. The magistrate judge granted Doe's request on August 14, 2020, all before counsel for the Defendants (collectively the "University") appeared in the case. DCD 13. The magistrate judge applied a six-factor test used by other district courts but never adopted by the Seventh Circuit and granted the motion in an order that does not appear on the public docket.

---

[1] For purposes of this brief, citations to the Record are as follows:
District Court: DCD Dkt. No., p.
Seventh Circuit: Dkt. No.

The University filed a Response in Opposition to Plaintiff's Ex Parte Motion to

Proceed Under a Pseudonym on September 15, 2020 as they had not yet seen the order.

DCD 23.  The University argued that (1) their significant reputational interests; (2) lack

of intimate, personal information involved; (3) lack of a specific injury or harm to Doe if

his name is revealed; and (4) potential discovery issues all weighed against allowing

Doe to proceed anonymously.  DCD 23, pp. 4-18.  Doe filed his Reply on September 22,

2020.  DCD 25.  The University's arguments were not considered by the lower court and

no further orders were issued.

Doe initiated an appeal in this case after summary judgment was entered in

favor of the University. DCD 156.  Doe proceeded via pseudonym on appeal.  The Court

raised the appropriateness of Doe proceeding anonymously during oral argument on

October 27, 2022. The Court ordered the parties to file supplemental memoranda by

November 10, 2022 regarding the same.  Dkt. 64.

## ARGUMENT

The public has "a right to know who is using [its] courts."  *Doe v. Blue Cross &*

*Blue Shield United of Wisconsin*, 112 F.3d 872 (7th Cir. 1997). [2]  A plaintiff wishing to

proceed anonymously must rebut the presumption that parties' identities are public

---

[2] Rule 17(a) of the Federal Rules of Civil Procedure provides that "[e]very action shall be
prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a).  Rule 10(a) requires
that pleadings contain the names of the parties.  Fed. R. Civ. P. 10(a).

information by showing that its need for anonymity outweighs the harm of concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). Embarrassment, incrimination or exposure to further litigation, without more, simply will not do. *Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020) (per curiam). Secrecy makes it "difficult for the public (including the bar) to understand the grounds and motivations of a decision, why the case was brought (and fought), and what exactly was at stake in it." *Mueller v. Raemisch*, 740 F.3d 1128, 1135-36 (7th Cir. 2014). Accordingly, "only exceptional circumstances" justify use of a fictitious name for an adult. *E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019).

## A. <u>The public has an interest in knowing the parties to a judicial proceeding.</u>

Identifying the parties to the proceeding is an important dimension of publicness. *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872. When any part of litigation is conducted in secret, this interest is frustrated. *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005). The Seventh Circuit values the publicness of litigation highly and noted, "We hope we will not see too many more John or Jane Does in the future." *Doe v. Sheriff of DuPage County*, 128 F.3d 586, 587 (7th Cir. 1997).

The risk of embarrassment does not justify proceeding anonymously. *See, e.g., Coe v. Cty. of Cook*, 162 F.3d 491, 498 (7th Cir. 1998) (party's embarrassment of past "immoral or irresponsible" behavior is an insufficient basis for anonymity); *Doe v. Vill. of Deerfield*, 819 F.3d 372, 375 (7th Cir. 2016) (affirming denial of motion to proceed

anonymously despite plaintiff's argument that revealing prior arrest and prosecution "would embarrass him").  Nor do cases involving allegations of sexual misconduct require anonymity generally.  *City of Chicago*, 360 F.3d at 669 ("Although the plaintiff in this case is charging harassment, sexual harassment cases are not brought anonymously even when the facts are gamier than they are here").

Here, Doe's assertions of embarrassment and disclosure of details of his conduct do not rise to the level of protection in this Court.  Below Doe argued that he would be required to disclose highly sensitive and personal information regarding the long-term serious romantic relationship with Roe.  DCD 3-1, p. 6.  He further argued the details of the relationship were "necessarily entwined."  DCD 25, p. 4.  Details that may be embarrassing or reveal certain conduct do not justify anonymity for a party. And a review of the record reveals that much of the "highly sensitive and personal information" was "repeated break-ups and reconciliations," and Doe's allegations about Roe's conduct.  DCD 128, p. 13.

Doe chose to sue all the individual defendants in their own names.  Doe alleged specific actions by the individual defendants including allegations that Dean Hess "failed to uphold his responsibilities as Dean of IUSM" by allowing biased and flawed proceedings, DCD 8, p. 82; that investigator Kuester conducted "an insufficient, incomplete, and unfair investigation," *id.*, p. 81; that Dean Allen failed to implement and conduct unbiased and impartial policies, *id.*; and that "Allen, Investigator Kuester

and Dean Hess . . . showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights," *id.*, p. 80. Because Doe has made these accusations publicly, he should stand behind those accusations—Appellees have no lesser interests in their reputations than Doe and were not afforded an opportunity to have their names withheld from the public.

Disclosure of a party's identity in the litigation itself, without more, is not grounds for anonymity. In *Doe v. Smith*, 429 F.3d at 710, the Court noted it disfavors anonymity and instructed the district court to consider whether any basis to proceed anonymously existed. Although the plaintiff in *Doe v. Smith, supra*, was a minor when the events occurred, she was not a minor at the time of the litigation. *Id.* The Court stated that grounds might exist if, as argued by counsel, disclosure in the litigation would tie the plaintiff to a recording which was widely distributed publicly. *Id.* If so, "the disclosure would allow strangers to identify the person in the recording and thus add to her humiliation." *Id.* No such circumstances exist here.

Finally, confidentiality before litigation or during discovery does not guarantee anonymity throughout the process. *See, e.g., Mitze* at 968 F.3d at 692-93 (unsuccessful applicants for disability benefits that seek judicial review can expect that the medical basis of their claim will become public because the courts review decisions in reasoned opinions issued to the parties and made available to the public); *Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 545-46 (7th Cir. 2002) (Agreements that were

appropriate at the discovery stage are no longer appropriate at the appellate stage because information transmitted to the court of appeals is presumptively public).

**B.** <u>**Doe cannot overcome the presumption that litigants sue in their own names.**</u>

It is not appropriate for Doe to proceed anonymously in this case because he cannot show that the need for anonymity outweighs the harm of concealment. "Very few" exceptions exist that would justify the use of a fictitious name in these proceedings. *Mitze*, 968 F.3d at 692. None of those exceptions apply here. There are no state secrets, trade secrets, or informers to protect. *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872.. Doe is not a minor, rape victim, or vulnerable party. *Id.*

Doe was dismissed from medical school by IUSM due to Doe's dishonesty. Dismissal cases raising due process arguments do not raise the limited exceptions that justify anonymity. In *Fenje v. Feld*, 398 F.3d 620 (7th Cir. 2005), the plaintiff did not proceed using a pseudonym. The due process issues raised in *Fenje*—academic dismissal due to dishonesty—are the same raised here by Doe. Fenje sued using his own name and Doe should as well.

The facts related to Doe's Title IX claim do not rise to the level of rape or other sexual assault or conduct of a minor. As noted above, Doe argues the details of his self-described "tumultuous" relationship are embarrassing. This is not enough nor are they the focus of his Title IX claim. The basis for his initial disciplinary action was a physical altercation between Doe and his then-girlfriend, where a hearing panel found Doe

responsible for dating violence.  Doe argues on appeal that he was found responsible based on his sex, and he challenges decisions made by the hearing panel, the investigator, the Office of Student Conduct, and the medical school. Litigating Doe's claims do not require details of sexual activity.[3]

Doe will not have a danger of retaliation if he litigates in his own name.  *City of Chicago*, 360 F.3d at 669.  Doe is not a likely target of retaliation by people who would learn his identity only from a judicial opinion or other court filing—which was considered a "compelling ground" for allowing a party to litigate anonymously by this Court in *City of Chicago* .  *Id.*  All of the parties involved in the litigation know Doe's identity, and Doe and Roe's dating relationship was no secret.  Doe's claims in this case are nothing like the plaintiff's claims in *City of Chicago* who was charging a police officer with sexual misconduct.  There is no reasonable fear here of retaliation.

Doe cannot overcome the presumption of public litigation and certainly on appeal he should litigate in his own name.  *See Gardner*, 929 F. 3d at 926 (the Court

---

[3] Courts have denied plaintiffs' requests to proceed anonymously in Title IX cases challenging disciplinary proceedings, many of which involved allegations of sexual misconduct.  *See, e.g.*, *Doe v. Kentucky Cmty. & Tech. Coll. Sys.*, No. CV 20-6-DLB, 2020 WL 998809, at *3 (E.D. Ky. Mar. 2, 2020) (denying pseudonym motion for faculty member challenging sexual misconduct proceedings against him finding the litigation would not require him to disclose intimate information noting "[p]erhaps if Plaintiff had been accused of rape or an inappropriate relationship with a student, for example, the calculus would be different . . . ."); *Doe v. Liberty Univ.*, No. 6:19-CV-00007, 2019 WL 2518148, at *4 (W.D. Va. June 18, 2019) (denying pseudonym motion for student challenging disciplinary proceedings for professional misconduct involving competence and interpersonal skills despite plaintiff's privacy and mental health concerns).

reformed the case caption to include party's name where party did not provide an exceptional circumstance to justify proceeding anonymously).

**C.  Multifactor test used by district courts does not support anonymity.**

Against the "strong presumption favoring identification of litigants," courts have articulated five non-exclusive factors to consider with a motion for anonymity:

> (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced.

*Doe v. Ind. Black Expo, Inc.*, 923 F. Supp. 137, 140 (S.D. Ind. 1996) (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)); *see also Noe v. Carlos*, No. 2:08 CV 227, 2008 WL 5070463, at *2-*3 (N.D. Ind. Nov. 26, 2008) (citing same factors).[4]  While this test has not been adopted by the Seventh Circuit, if the Court chooses to balance the factors in this

_____

[4] Courts in this district have, at times, added a sixth factor: "the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system."  *Doe v. City of Indianapolis, Ind.*, No. 1:12-CV-00062-TWP, 2012 WL 639537, at *1 (S.D. Ind. Feb. 27, 2012). Additional factors include "whether the interests of children are at stake, and whether there are less drastic means of protecting legitimate interests of either the party seeking anonymity or the opposing party."  *Indiana Black Expo, Inc.*, 923 F. Supp. at 140 (internal citations and quotations omitted).  None of these factors would change the analysis or outcome.

case, it is clear that the strong presumption against proceeding anonymously outweighs the alleged harm to Doe.

Here Doe has sued Indiana University and three of its employees in both their individual and official capacities. "Many of the cases in which courts have allowed plaintiffs to proceed under fictitious names have involved claims that did not include direct and personal attacks upon the reputation and integrity of the defendants, and where personal credibility played little if any role in the issues in the case." *Indiana Black Expo*, 923 F. Supp. 137, 142 (S.D. Ind. 1996). Because Appellees include individuals and institutions that will experience reputational harm, the first factor weighs strongly against Doe proceeding anonymously.

As explained above, Doe's claims do not require him to disclose information that is highly personal and intimate. Indeed, none of the personal details that Doe has disclosed during this litigation rebut the presumption of openness in judicial proceedings. This second factor weighs against Doe proceeding anonymously.

Doe has not alleged, nor is there reason to believe, that by admitting facts in this case, he is at risk of criminal prosecution. This factor is not at issue in this case.

Below Doe failed to point to any specific injury that would justify proceeding anonymously. Doe claims that "even if he ultimately obtained a favorable verdict on his claims, his future academic and career prospects would nonetheless be destroyed, as any future employer could easily discover the wrongful accusations of dating violence

upon a simple internet search. DCD 3-1, p.8. Concerns based solely on "economic well-being and possible embarrassment or humiliation" are not grounds for proceeding under fictious names. *Indiana Black Expo, Inc*. 923 F. Supp. at 142; *see Cty. of Cook*, 162 F.3d at 498 (party's embarrassment of past "immoral or irresponsible" behavior insufficient basis for anonymity). This factor weighs against allowing Doe to proceed anonymously.

### D. <u>Non-parties should continue to be identified by pseudonym.</u>

Doe refers to six individuals pseudonymously, or not at all by name, in his Amended Complaint and Brief: "(i) Jane Roe, Doe's accuser/the complainant and fellow medical student; (ii) James Smith, a witness in the Investigation and fellow medical student; (iii) Betty Boe, a witness in the Investigation and fellow medical student that appeared for questioning at Doe's hearing; (iv) Roe's father's long-time partner/girlfriend, a professor emeritus at the University; (v) a University professor whom Roe engaged in a romantic relationship with; and (vi) Roe's mentor, a professor emeritus at the University, whom she conducted research for." DCD 3-1, pp.10-11. Appellees agree that these individuals are non-parties to the litigation and requests that, regardless of this Court's ruling, they remain anonymous throughout this case.

Below Doe argued that "[s]hould [his] identity be revealed, it would easily lead to discovery of the identities" of these non-parties. *Id.* It is highly unlikely, however, that there are observers of the court who know enough about Doe's past romantic

relationships and disciplinary history to discover the identity of the non-parties involved in this case, simply from having the Doe's name made public. But even if there were a small subset of such individuals, keeping the non-party individuals' names anonymous would continue to keep their identity private from a vast majority of the public.

## CONCLUSION

The public has a right to know who is using its courts. Doe chose to bring public claims of intentional misconduct against his former medical school and its employees. Bringing these claims are his right, but in doing so, he has availed himself and the facts of this case to the public. Secrecy in judicial proceedings is disfavored and none of the very few exceptions exist here to rebut the strong presumption favoring identifying litigants. This Court should not allow Doe to proceed anonymously in this Court and should reform the caption to include Doe's name.

DATED:     November 10, 2022      */s/ Alice M. Morical*
          Alice M. Morical, Esq.
          amorical@hooverhullturner.com
          Wayne C. Turner, Esq.
          wturner@hooverhullturner.com
          Janet L. Thompson, Esq.
          jthompson@hooverhullturner.com
          HOOVER HULL TURNER, LLP
          111 Monument Circle, Suite 4400
          Indianapolis, IN  46204
          317/822-4400

          *Attorneys for Defendants-Appellees*

## <u>CERTIFICATION</u>

1.  This brief complies with the type-volume limitation of the Seventh Circuit Local Rule 32(a)(7)(B) because this brief contains 2,767 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of the Seventh Circuit Local Rule 32 and the type style requirements of the Seventh Circuit Local Rule 32 because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in [Palatino Linotype] 12-point font.

*/s/ Alice M. Morical*
Alice M. Morical, Esq.
amorical@hooverhullturner.com
Wayne C. Turner, Esq.
wturner@hooverhullturner.com
Janet L. Thompson, Esq.
jthompson@hooverhullturner.com
HOOVER HULL TURNER, LLP
111 Monument Circle, Suite 4400
Indianapolis, IN  46204
317/822-4400

*Attorneys for Defendants-Appellees*

## <u>CERTIFICATE OF SERVICE</u>

  I certify that on November 10, 2022, the foregoing Supplemental Brief was served electronically via the Court's CM/ECF System upon all counsel of record.

*/s/ Alice M. Morical*
Alice M. Morical, Esq.
amorical@hooverhullturner.com
Wayne C. Turner, Esq.
wturner@hooverhullturner.com
Janet L. Thompson, Esq.
jthompson@hooverhullturner.com
HOOVER HULL TURNER, LLP
111 Monument Circle, Suite 4400
Indianapolis, IN  46204
317/822-4400

*Attorneys for Defendants-Appellees*
